**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TIMOTHY D. SMITH and
KAREN L. SMITH,

      Plaintiffs,

vs.                                    Case No. 3:23-cv-1229-MMH-PDB

ALLIED FIRST BANK, SB
d/b/a SERVBANK,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Smiths' Memorandum of Law in Opposition to ServBank's Motion to Dismiss (Doc. 18; Response), filed on December 12, 2023. In the Response, Plaintiffs, in addition to asserting that Defendant's motion to dismiss is due to be denied, alternatively request leave to amend their complaint in the event the Court finds that their allegations are inadequate. See Response at 4. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., 48 F. 4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the

issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiffs' request for relief included in the Response. Plaintiffs are advised that, if they wish to

pursue such relief, they are required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[1]

**ORDERED**:

To the extent that they request affirmative relief from the Court, Smiths' Memorandum of Law in Opposition to ServBank's Motion to Dismiss (Doc. 18) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of January, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[1] The Court notes that the Response also appears to violate Local Rule 1.08 which sets forth the typography requirements in this Court. Specifically, the main text appears to be 12-point, rather than 13-point as required. Counsel should ensure compliance with this Local Rule in his filings going forward.